United States District Court
Southern District of Texas
**ENTERED**
February 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOUGLAS COLLINS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-19-0537 |
| § | |
| BRYAN COLLIER, *ET AL.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a section 1983 lawsuit against six or more employees of the Texas Department of Criminal Justice ("TDCJ") and University of Texas Medical Branch ("UTMB").[1] (Docket Entry No. 1.) He claims that the defendants violated the Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act ("ADA"), the RICO Act, and 18 U.S.C. § 4042 at the Wallace Pack Unit. *Id.*, p. 8. He purports to assert these claims on behalf of disabled and mentally-ill prisoners at the facility.

Plaintiff asks that the Court award him monetary compensation and "update the A.D.A. on this unit." *Id.*, p. 4.

---

[1]Plaintiff filed a self-styled "supplemental complaint" seeking to file copies of additional grievances that he and another inmate submitted to prison officers. (Docket Entry No. 21.) The pleading itself contains no new factual allegations or claims for relief. To the extent the pleading constitutes a motion for leave to file the pleading as a supplemental complaint, the motion is denied.

Having considered the complaint, the exhibits, matters of record, and the applicable law, the Court DISMISSES this lawsuit for the reasons shown below.

## *Legal Standards*

A court must dismiss a complaint filed by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* Plaintiffs must plead facts sufficient to demonstrate that their claims have "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). That is, the facts pled must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634

F.3d 787, 796 (5th Cir. 2011). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## *Analysis*

### *Lack of Standing*

Plaintiff attempts to bring claims seeking damages on behalf of disabled and mentally-ill prisoners at the Wallace Pack Unit. Although he suggests in one or more of his grievances that he is a disabled prisoner, he pleads no factual allegations establishing that he is disabled for purposes of the ADA or any other applicable federal statute. Moreover, he fails to plead factual allegations sufficient to show that he has been diagnosed with a mental illness.

Plaintiff's exhibits indicate that he had no ADA restrictions at the time he filed this lawsuit. (Docket Entry No. 1-1, p. 2: "You currently do not have any ADA restrictions.") To the contrary, his grievances raised general complaints regarding treatment of mentally-ill inmates at the unit:

> A review of the Step 1 Medical Grievance has been completed regarding your complaint concerning mental health (MH) issues. Your grievance did not contain any reports or complaints concerning your own MH status, however, you did express concerns about the overall treatment of the mentally ill offenders on your unit of assignment. To resolve this grievance you asked for the mistreatment to stop before someone gets hurt.
>
> Electronic healthcare records reveal you do not currently have a MH diagnosis, are not receiving psychotropic medications, and are not on the MH caseload.

*Id.*, p. 29.

Plaintiff lacks standing in this case to pursue claims or monetary damages for constitutional or statutory deprivations sustained by other inmates. Persons claiming a deprivation of constitutional or other federal rights under section 1983 are required to show a deprivation of their own personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *see also Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011) ("[T]o the extent that [plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners . . ., he lacks standing to bring those claims.").

In addition, plaintiff may not represent or act as counsel for other prisoners in federal courts. *See*, *e.g.*, *Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; they cannot be represented by a non-lawyer in federal court. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).

Plaintiff's claims seeking monetary damages for the alleged violations of other prisoners' rights are DISMISSED WITH PREJUDICE.[2]

*42 U.S.C. § 1997e(e)*

The Prison Litigation Reform Act, which governs this case, precludes a federal civil action by a prisoner for mental or emotional injury without a showing of physical injury. 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this restriction applies to all federal civil

---

[2]To be clear, this dismissal does not bar any other inmate at the Pack Unit from pursuing claims for violations of his own constitutional or federal statutory rights.

actions filed by prisoners, "making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. *Geiger v. Jowers*, 404 F. 3d 371, 375 (5th Cir. 2005).

Plaintiff identifies no physical injury he sustained that was caused by the defendants' violation of his constitutional rights. Plaintiff exerts considerable effort in claiming that the defendants ignored the rights of disabled and mentally-ill prisoners at the Pack Unit, particularly as to lack of sufficient shower seating and adequate treatment for mentally-ill prisoners. However, as stated above, he is not entitled to monetary compensation predicated on the physical injuries and constitutional deprivations of other inmates. Although he alleges injuries sustained by other inmates, he fails to allege and show that he himself sustained an actual physical injury as a result of the defendants' violations of his constitutional rights. In absence of such factual allegations, plaintiff does not plead a viable claim for relief under section 1983.

Plaintiff's claims for monetary damages under section 1983 for the alleged violations of his Eighth and Fourteenth Amendment rights are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief.

*Fifth Amendment Rights*

Plaintiff states in conclusory terms that defendants Bryan Collier and Robert D. Herrera violated Fifth Amendment protections. The due process clause of the Fifth Amendment applies only to actions of the federal government. *See Arnold v. Williams*, 979

5

F.3d 262, 270 (5th Cir. 2020) (holding that plaintiff failed to state claim under Fifth Amendment due process clause because defendant was an officer of the state rather than of the federal government); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (stating that the Fifth Amendment applies only to the actions of the federal government). Defendants Collier and Herrera are employed by the state, not the federal government; consequently, plaintiff raises no viable claim for relief under the Fifth Amendment.

Plaintiff's claims against defendants Collier and Herrera in their individual capacities for violation of the Fifth Amendment are DISMISSED WITH PREJUDICE as frivolous. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (holding that a claim is frivolous if it lacks any arguable basis in law or fact); *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (holding that a claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory.").

*Americans with Disabilities Act*

Plaintiff claims that the defendants violated the ADA as to disabled and mentally-ill prisoners at the Pack Unit. As with all of his claims in this lawsuit, he sues the defendants in their individual capacities.

In order to state a claim under the Title II of the ADA, 42 U.S.C. § 12101 *et seq.*, a plaintiff must allege that (1) he is a qualified individual; (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity; and (3) that the exclusion, denial, or discrimination was because of his disability. *See Hale*

*v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A qualifying disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(a)(1). The ADA places an "affirmative obligation" on the state "to make reasonable accommodations" for persons with disabilities in the provision of public services. *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020). Intentional discrimination is required in order to recover compensatory damages under the ADA. *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002).

However, a plaintiff may not sue the individual defendants for violating the ADA, as only the public "entity" is amenable to suit. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA); *Rivera v. Dawson*, No. 05-41565, 2007 WL 1223914 (5th Cir. 2007) (finding a plaintiff "may not bring a 42 U.S.C. § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by Title II of the ADA."). Accordingly, plaintiff's claims against the defendants in their individual capacities for violations of the ADA fail to state a claim upon which relief may be granted.

Plaintiff's claims against the defendants in their individual capacities for violations of the ADA are DISMISSED WITH PREJUDICE.

*18 U.S.C. § 4042*

Plaintiff further complains that the defendants violated the provisions of 18 U.S.C. § 4042, "Duties of Bureau of Prisons." Section 4042 charges the federal Bureau of Prisons with managing federal correctional institutions and "provid[ing] for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States[.]" These provisions apply to the Bureau of Prisons, a *federal* agency, and have no application to the Texas Department of Criminal Justice or the defendants named in this lawsuit.

Plaintiff's claims for the defendants' violations of 18 U.S.C. § 4042 are DISMISSED WITH PREJUDICE as frivolous. *See Samford*, 562 F.3d at 678; *Rogers*, 709 F.3d at 407.

*Criminal Conduct and RICO Violations*

Plaintiff next claims that the defendants are "guilty of federal crimes," which they attempted to "cover up" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. He requests monetary damages for the defendants' alleged RICO violations.

Civil claims for monetary damages under RICO are well circumscribed. Under 18 U.S.C. § 1964(c), commonly referred to as civil RICO, "[a]ny person injured in his business or property by reason of a violation" of RICO's criminal provisions may recover treble damages and attorney fees. A RICO plaintiff must allege and prove he suffered an injury to his business or property and that such injury occurred by reason of a substantive violation of

8

the provisions of section 1962. *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001).

Plaintiff fails to plead any factual allegations establishing that the defendants were guilty of any specific federal crimes, or that these crimes gave rise to a private cause of action for monetary damages in his favor. Nor does he plead any factual allegations entitling him to seek or obtain monetary damages in a private cause of action under 18 U.S.C. § 1964(c).

Plaintiff's claims for monetary damages against the defendants under RICO are DISMISSED WITH PREJUDICE as frivolous. *See Samford*, 562 F.3d at 678; *Rogers*, 709 F.3d at 407.

*Injunctive Relief*

Federal law limits a court's ability to fashion injunctive relief in prisoner cases. Before a district court can award such relief, it must find that the "relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation." 18 U. S. C. § 3626(a)(1)(A). Under the statutory provisions, a plaintiff is not entitled to the most effective available remedy; he is entitled to a remedy that eliminates the injury. *Ball v. LeBlanc*, 792 F.3d 584, 599 (5th Cir. 2015).

Plaintiff has not pleaded a viable claim for relief in this lawsuit, and his request for temporary or preliminary injunctive relief is DENIED. To the extent he requests that the

Court "update the A.D.A. on this unit" (Docket Entry No. 1, p. 4), the request is DENIED as no viable ADA claim has been raised in this case.

### *Conclusion*

For the reasons shown above, this lawsuit is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g), and stands as plaintiff's fifth strike. *See Collins v. Lofton*, C.A. No. H-19-1222 (S.D. Tex. Jan. 22, 2020); *Collins v. Schubert*, C.A. No. H-19-4017 (S.D. Tex. Dec. 23, 2019); *Collins v. Ogg*, C.A. No. H-19-4924 (S.D. Tex. Dec. 27, 2019); *Collins v. Board of Pardons and Paroles*, C.A. No. H-19-4826 (S.D. Tex. Jan. 27, 2020). Should plaintiff elect to appeal the dismissal in this case to the Fifth Circuit Court of Appeals, he is barred from proceeding *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on February  15 , 2022.

_____
Gray H. Miller
Senior United States District Judge